1999 OK CR 51

**In the Matter of F.S.E., A Child Under Eighteen Years Of Age, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. J 99–0466.**

Court of Criminal Appeals of Oklahoma.

Dec. 29, 1999.

### ACCELERATED DOCKET ORDER

¶ 1 A Juvenile Petition was filed November 20, 1998, in the District Court of McIntosh County, Case No. JFJ–98–71, alleging Appellant, born July 12, 1982, to be a delinquent child for the offense of Unlawful Possession of Marijuana With Intent to Distribute. Following a hearing March 23, 1999, the Honorable Gene F. Mowery, Associate District Judge, overruled Appellant's motion to suppress and adjudicated Appellant as a delinquent child for the offense of Unlawful Possession of Marijuana, but not with intent to

distribute. Appellant appeals from his adjudication as a delinquent child.

¶2 Pursuant to Rule 11.3, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (1998), Appellant made application and was placed on the Accelerated Docket of this Court. The propositions of error were presented to this Court in oral argument September 30, 1999, pursuant to Rule 11.2(F). At the conclusion of oral argument, the matter was taken under advisement.

¶3 In this case the Assistant Principal of a public high school, which has a policy of "no tolerance, no drugs at school, period", smelled marijuana on a sixteen year old student (Appellant). The Assistant Principal told Appellant what she smelled on him and asked him about it. Appellant told the Assistant Principal that there was a "roach" in the ash tray of his car which was parked on school premises. His story was that he was tardy because his car had a flat tire on the way to school and that some "gentleman" had come along, helped him fix the flat, and had gotten in the car and smoked the roach.

¶4 The Assistant Principal repeatedly tried to telephone Appellant's parents but was unable to reach them. The Assistant Principal then called a police officer to come to the school to assist her. Appellant, the Assistant Principal and the police officer went to Appellant's car whereupon the Assistant Principal directed Appellant to unlock the car and get the roach out of the ashtray. Appellant removed the marijuana joint from the car and gave it to the officer. The Assistant Principal then told Appellant that she would like to verify the flat tire in the trunk of the car. Appellant, the Assistant Principal, the police officer and a second police officer who had just arrived, went to the rear of the vehicle. Appellant opened the trunk. While opening the trunk, Appellant moved a blanket which caused the second officer to become concerned. The second officer reached in, moved the blanket, and exposed a plastic bag containing thirty-six marijuana cigarettes. The second officer then arrested Appellant.

¶5 On Appeal Appellant raised two propositions of error:

1. The Assistant Principal was acting in an investigatory manner and as an agent of the State when she questioned the juvenile. Any statements made by the juvenile without his parents present should be suppressed and any purported consent to the search of his vehicle was invalid.

2. The Assistant Principal was acting as an agent of the State when she conducted the search of the juvenile's vehicle. The search violated the juvenile's Fourth Amendment rights and therefore any evidence obtained during that search must be suppressed.

¶6 We do not find that this juvenile's Fourth Amendment rights have been violated. A school official may search a student or the student's property while either are on school premises without a warrant when there is a reasonable suspicion to believe that school policy or the law has been or is being violated. *See New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985).

¶7 *T.L.O.* provides guidance in determining whether a given search of a student or the student's property, while either are on school premises, is reasonable. First, the action must be justified at its inception and second, the scope of the search must be reasonably related to the circumstances which justified the interference in the first place. *Id.* 469 U.S. at 341, 105 S.Ct. at 742–743. In the present case the Assistant Principal based the search upon a reasonable suspicion. She smelled marijuana. Further, Appellant's own admission to the existence and purported source of the smell satisfies any reasonable suspicion standard. Second, the scope of the search in this case is reasonably related to the circumstances. Appellant advised the Assistant Principal that marijuana was in his car parked on school grounds and after that was retrieved from the car by Appellant, the Assistant Principal asked to see the flat tire to verify Appellant's reason for having the marijuana cigarette in his car. This was not unreasonable.

¶8 A school official acts, to a certain degree, in *loco parentis* while the stu-

dent is under the school's authority. The state may exercise a degree of supervision and control greater over students than it could exercise over free adults; therefore the interests of a child do not prevent a school official from searching a student outside of the presence of a parent or guardian. *See Vernonia School District 47J v. Acton*, 515 U.S. 646, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995).

■ ¶ 9 Further, a school official may *utilize law enforcement to assist with an in-vestigation or search of a student while on school premises so long as the public school official has a reasonable suspicion as to the* student under investigation or search and is acting in conjunction with the police and not at the behest of the police in an investigation or warrantless search of a student. *See Ca-son v. Cook*, 810 F.2d 188 (8th Cir.1987). In this case the record reflects that the police officers were assisting the Assistant Principal at her request on school premises based upon her reasonable suspicion.

¶ 10 **IT IS THEREFORE THE ORDER OF THIS COURT** that the order of the District Court adjudicating Appellant delinquent is **AFFIRMED.**

¶ 11 **IT IS SO ORDERED.**

¶ 12 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 29 day of December, 1999.

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge
/s/ Charles S. Chapel, DISSENTS
CHARLES S. CHAPEL, Judge
/s/ Steve Lile
STEVE LILE, Judge